**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Crim. No. 25-CR-130 (TNM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ROBERT GEIGER** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing.  For the reasons herein, the United States requests that the Court sentence the defendant to a period of 33 41 months of incarceration, to be followed by three years of supervised release. The government is not requesting any fines in this case, other than required court costs.  In support of this sentence, the government states the following.

### PROCEDURAL BACKGROUND

On March 11, 2024, the defendant was charged by complaint with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year in violation of 18 U.S.C. § 922(g)(1) and possession of a Controlled Substance in violation of 21 U.S.C. § 844(a). *See* ECF No. 1.

On October 30, 2025, the Defendant plead guilty of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year in violation of 18 U.S.C. § 922(g)(1) with the United States agreeing to dismiss the charged under 21 U.S.C. § 844(a). *See* ECF No. 15.

1

As a part of the Plea Agreement, the parties agreed that a sentence outlined in the plea agreement would constitute a reasonable sentence and the United States would be in favor of a sentence on the low end of the range. *See* ECF No. 15, at 4. Sentencing is scheduled for March 27, 2026.

**DISCUSSION AND RECOMMENDATION**

## I.    Generally Applicable Legal Principles

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 596 (2007). The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> > > (i) issued by the Sentencing Commission ...; and
> > > (ii) that, . . . are in effect on the date the defendant is sentenced; ...
>
> (5) any pertinent policy statement –
> > (A) issued by the Sentencing Commission ... and

2

> (B) that, . . . is in effect on the date the defendant is sentenced.

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

## II.    Defendant's Sentencing Guidelines Calculation

### A.    Total Offense Level

The government concurs with Probation's assessment of the applicable guidelines in the Presentence Investigation Report ("PSR"). As outlined in the PSR, with respect to Count 1 of the Indictment, under the U.S.S.G., the base offense level for 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One year) is twenty (20) (U.S.S.G. § 2K2.1(a)(3)), with an additional two (2) levels because the firearm was (U.S.S.G. § 2K2.1(b)(4)(A)). PSR, at 6. Therefore, the adjusted offense level is twenty-two (22). *Id*. The government is recommending a three-level reduction for acceptance of responsibility, resulting in a total offense level of nineteen (19) (U.S.S.G. § 3E1.1). *Id.*

### B.    Criminal History Category

According to the PSR, the Defendant has multiple prior convictions. *Id.* As such, this results in a total of three (3) criminal history points and places the defendant in Criminal History Category II. *Id. See* U.S.S.G §§ 4A1.1(c), 4A1.1(b).

### C.    Sentencing Guideline Range

With a total offense level of 19 and a Criminal History that falls in Category II, the defendant's guidelines range is 33-41 months incarceration.

Additionally, the Court may impose a term of supervised release of not more than three

years. 18 U.S.C. § 3583(b)(2); PSR, at 28.

### III.    Sentencing Recommendation

The government, pursuant to the plea agreement, is requesting a sentence of 33 months of incarceration, to be followed by three years of supervised release.

#### A.    The Nature of the Offense

The defendant's conduct in this case posed a danger to the community. On March 11, 2024, at approximately 7:25 p.m., Washington D.C. Metropolitan Police Department (MPD), observed Robert Geiger seated in the driver's seat of a Black Mitsubishi SUV bearing West Virginia Registration 916933A with its front head lights on and heavily tinted front and rear windows on the 1500 block of S Street Southeast. Officers, on patrol due to a March 9, 2024 unsolved homicide involving a firearm on the 1400 block of Ridge Avenue Southeast, approached Robert Geiger's vehicle due to the belief it was idling and the dark tinted windows, a violation of D.C. Code 55.2207.02.

The driver, later identified as Robert Geiger, was the only individual in the vehicle and was seated in the driver's seat, with the keys in the ignition. Upon approach, MPD officers observed Robert Geiger place an object on the right side of his body and further observed Robert Geiger position his shirt over his waistband.

As a result, the officers requested Robert Geiger exit the vehicle and after a protective pat down, the officers discovered a loaded 9 mm caliber Glock 19, bearing serial number BTCD600, with an extended magazine holding 25 rounds of 9mm ammunition in Geiger's waistband.

The defendant acknowledges that at the time he possessed the above described firearm, he had previously been convicted of an offense for which the penalty was greater than one year of

imprisonment, that the firearm had been shipped or transported from one state to another, and that the firearm was capable of expelling a projectile by means of an explosive.

Further law enforcement investigation of the firearm, bearing serial number BTCD600, confirmed that the firearm was reported stolen by the Nash County Sheriff's Office in North Carolina.

**B.    The History and Characteristics of the Defendant**

This conviction represents the latest of Defendant's criminal convictions. The government does not dispute that the defendant has faced many challenges during his life and that the defendant's brief mental health and emotional issues involving the end of a thirteen (13) year romantic relationship and his continued substance abuse likely contributed to a chain of events that led up to the criminal conduct at issue.

According to the defendant's attorney, the defendant indicated that after his last release from custody on a previous conviction that he "had turned his life around[,]" ECF 21, and is expecting a child with a new romantic partner.

**D.    The Need for the Sentence Imposed**

Given the defendant's extensive criminal history, the government concurs with the recommendation of U.S. Probation and believes that a sentence of 33 months of incarceration to be followed by three years of supervised release is the appropriate sentence in this case. The government believes this sentence is just and sufficient to protect the public from further crimes by the defendant, provide the defendant any necessary rehabilitative treatment, and deter other similarly situated individuals from similar conduct especially given the defendant's recent attempts to .

This sentence is also fair in light of the fact that the defendant was originally, and

appropriately, charged with felonious conduct. *See* ECF No. 1. Although the case has resolved via plea, the benefit is built into the bargain. But for the quick actions of law enforcement, the defendant could have further compromised the safety and security of the Swiss Ambassador, the embassy grounds, and personnel who live and work there.

Respectfully submitted,

Jeanina Ferris Pirro
United States Attorney

By:     /s/ *Rajbir Datta*
Rajbir Datta
Assistant United States Attorney
NY Bar 5206073
601 D Street, NW
Washington, D.C.  20530
Office: (202) 252-7687
Rajbir.Datta@usdoj.gov

# EXHIBIT A



# EXHIBIT B

